UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELYSSA KOOG, *on behalf of themselves and all others similarly situated*,

Plaintiffs,

-v-

COGNITIVEHEALTH TECHNOLOGIES, LLC,

Defendant.

---

26-CV-9750 (JMF)

ORDER

JESSE M. FURMAN, United States District Judge:

Plaintiffs Elyssa Koog and Cynthia Evans, on behalf of themselves and all others similarly situated, bring this action against Defendant CognitiveHealth Technologies, LLC, invoking the Court's subject matter jurisdiction on the ground of diversity of citizenship. *See* 28 U.S.C. § 1332. Plaintiffs allege that they are citizens of California and North Carolina, respectively. *See* ECF No. 1 ("Complaint") ¶ ¶ 14-15. They allege that Defendant CognitiveHealth Technologies, LLC (the "Defendant LLC") is incorporated in Delaware with its principal place of business at 1345 Avenue of the Americas, 2nd Floor, New York, New York 10105. *See id.* ¶ 16.

It is well established that a limited liability company ("LLC") is deemed to be a citizen of each state of which its members are citizens. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000); *see also Altissima Ltd. v. One Niagara LLC*, No. 08-CV-756S(M), 2010 WL 3504798, at *2 (W.D.N.Y. Sept. 2, 2010) (noting that every other Court of Appeals to have considered LLC citizenship has held that an LLC has the citizenship of all of its members). Thus, a complaint premised upon diversity of citizenship must allege the citizenship

of natural persons who are members of an LLC and the place of incorporation and principal place of business of any corporate entities that are members of the LLC (including the citizenship of any members of the LLC that are themselves LLCs). *See Handelsman*, 213 F.3d at 51-52; *see also, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, and ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010). Additionally, a party's citizenship, including the citizenship of LLC members, "must be affirmatively pled." *Prospect Funding Holdings, LLC v. Fennell*, No. 15-CV-4176 (LLS), 2015 WL 4477120, at *1 (S.D.N.Y. July 15, 2015); *see also Flemming v. Port Auth. of New York & New Jersey*, No. 21-CV-1112 (BMC), 2021 WL 878558, at *1 (E.D.N.Y. Mar. 9, 2021) ("It is not enough to allege, in conclusory fashion, that none of a[n] LLC[] [party's] members are citizens of the same state as [the opposing party]."). In the present case, the Complaint fails to affirmatively plead the citizenship of each member of the Defendant LLC.

Accordingly, it is hereby ORDERED that, on or before **November 20, 2026**, Plaintiffs shall amend their Complaint to affirmatively allege the citizenship of each constituent person or entity comprising the Defendant LLC as well as the citizenship of all individual parties. If, by that date, Plaintiffs are unable to amend the Complaint to truthfully allege complete diversity of citizenship, then the Complaint will be dismissed for lack of subject matter jurisdiction without further notice to either party.

SO ORDERED.

Dated: November 10, 2026
New York, New York

JESSE M. FURMAN
United States District Judge